CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER CODY LESTER,**<br>    Plaintiff, | )<br>)  Case No. 7:25-cv-00595<br>) |
| v. | )<br>)<br>)  **By: Michael F. Urbanski** |
| **RANDY MULLINS, et al.,**<br>    Defendants. | )  Senior United States District Judge<br>) |

## MEMORANDUM OPINION

Christopher Cody Lester, an inmate proceeding <u>pro se</u> and without prepayment of the filing fee, filed this action under 42 U.S.C. § 1983 against Randy Mullins and Brandy Bishop. For the reasons set forth below, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

### I. Background

Lester is currently incarcerated at the Southwest Virginia Regional Jail in Tazewell, Virginia. He previously filed at least three actions that were dismissed for failure to state a claim upon which relief may be granted. See <u>Lester v. Plaster</u>, 7:23-cv-00038 (W.D. Va. May 1, 2023); <u>Lester v. Nimmo</u>, 7:23-cv-00039 (W.D. Va. Mar. 31, 2023); <u>Lester v. Broadwell, Gillespie Nimmo, P.C.</u>, 7:23-cv-00060 (W.D. Va. Mar. 21, 2023); <u>Lester v. Virginia State Bar</u>, 7:23-cv-00077 (W.D. Va. Mar. 15, 2023).

On August 17, 2025, Lester executed a form complaint under 42 U.S.C. § 1983 against Mullins and Bishop. In the claims section of the complaint, Lester indicates that he wants to reopen another civil action that was dismissed on May 30, 2025, for failure to comply with an order entered after Lester had been released from jail. See <u>Lester v. Mullins</u>, No. 7:25-cv-00209

(W.D. May 30, 2025). In his request for relief, Lester states that he is seeking "money, freedom, [and] justice." Compl., ECF No. 1, at 4.

## II.   Discussion

"[T]he Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortis-Marquez, 590 U.S. 595, 597 (2020). The rule provides that a prisoner like Lester, who has had three or more civil actions dismissed as frivolous, malicious, or for failure to state a claim, may not bring another civil action without prepayment of the filing fee unless he shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the imminent-danger exception, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Instead, an inmate "must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Id. (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). The exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin, 319 F.3d at 1050.

Lester's complaint plainly fails to satisfy the imminent-danger exception. The pleading does not set forth any facts suggesting that he is currently "in imminent danger of serious physical injury." Hall, 44 F.4th at 224. Consequently, Lester may not proceed without prepayment of the filing fee.

### III. Conclusion

For the reasons stated, Lester has at least three strikes under 28 U.S.C. § 1915(g). Because he has not prepaid the filing fee or alleged facts sufficient to establish that he is in imminent danger of serious physical injury, his complaint is **DISMISSED** without prejudice.*

An appropriate order will be entered.

Entered: October 6, 2025

Michael F. Urbanski
U.S. District Judge
2025.10.06 16:03:14
-04'00'

Michael F. Urbanski
Senior United States District Judge

---

\* Because the complaint is subject to dismissal under § 1915(g), Lester's motion for appointment of counsel will be denied as moot. To the extent the complaint is more appropriately construed as a motion to reopen the action that was dismissed more than two months earlier for failure to comply, Lester has not identified any circumstances that would justify such relief.

3